UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ABDALLA A. NIMER, et al., | CASE NO. 1:11CV687 |
| Plaintiffs, | JUDGE CHRISTOPHER A. BOYKO |
| vs. | OPINION AND ORDER |
| LITCHFIELD TOWNSHIP BOARD OF TRUSTEES, et al., | |
| Defendants. | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon the Motion (ECF DKT #11) of Defendants for this Court to abstain from proceeding in this case. For the following reasons, the Motion is granted; Plaintiffs' Complaint is dismissed without prejudice; and Plaintiffs' Motion (ECF DKT #17) for Leave to File an Amended Complaint is denied as moot.

**I. FACTUAL BACKGROUND**

On April 6, 2011, Plaintiffs, Abdalla Nimer, Cathy Fobes, Mi-Ke's Home, LLC, and Medina Foods, Inc., filed their Complaint against the Litchfield Township Board of Trustees, the Litchfield Township Zoning Commission, the individual members of the Board and Commission, and the Zoning Inspector, Eric Noderer. Plaintiffs allege that Defendants

selectively enforced the Litchfield Township Zoning Resolution in a discriminatory manner, violating Plaintiffs' right to equal protection; Defendants maliciously, and without legal justification, interfered with a lease agreement between Medina Foods and Mi-Ke's Home; and Mi-Ke's Home and Cathy Fobes never were served with Defendants' Stop Work Order, violating their right to procedural due process. Defendants answered, denying jurisdiction due to a pending state appellate proceeding.

Since 1999, Plaintiff Medina Foods has operated a meat processing plant on the property at issue in this suit, and has produced, packaged, and marketed meat products such as beef jerky, "smokies," and other snacks made from beef and pork. Plaintiffs also keep and feed cattle on the property. Recently, Plaintiffs sought to expand their operations by doing their own butchering of cattle, and adding the butchering of hogs and the producing of ham products to their operations. Expanding their operations in this way would require additional buildings. The Litchfield Board of Trustees required Plaintiffs to obtain zoning certificates before constructing and improving buildings on their land. Plaintiffs admit they did not get the zoning certificates; but argue the use of their land is agricultural. Under R.C. 519.21(A), a township cannot enforce zoning regulations against a building if the use of the building is incidental to an agriculture purpose.

On February 15, 2011, Medina County Common Pleas Judge James L. Kimbler ruled, in a complaint filed by the Litchfield Township Board of Trustees against Plaintiffs, Abdalla Nimer and Cathy Fobes Al-Nimer, that the use of buildings for the processing of meat products is not directly and inseparably linked to the care and raising of cattle. He further determined that the slaughtering and processing of cattle is not incidental to the keeping and

feeding of cattle on the land.  Thus, Plaintiffs (specifically, the Nimers) were ordered to comply with the Township Resolution and obtain zoning certificates for the construction of the proposed buildings.  Plaintiffs appealed that decision; and the appeal is pending in the Ninth District Court of Appeals, Case No. 11CA-0037-M.

Defendants ask this Court to abstain from proceeding in the instant matter because they contend abstention is appropriate when the central issues before the federal court are the subject of a pending state court appeal.

## II. LAW AND ANALYSIS

### Abstention

"'Abstention from the exercise of federal jurisdiction is the exception, not the rule,' . ..Abstention rarely should be invoked, because the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 705 (1992).  However, exceptional circumstances may support abstention under established Supreme Court doctrine or to promote judicial economy.

In their Motion, Defendants do not identify the particular abstention doctrine which should operate in this case.  In *Younger v. Harris*, 401 U.S. 37, 44-45 (1971), the Supreme Court held that, absent extraordinary circumstances, a federal court must decline to interfere with pending state criminal proceedings, because of considerations of comity, equity and federalism.  There is a strong policy against federal intervention into state proceedings "in the absence of great and immediate irreparable injury to the federal plaintiff."  *Younger*, 401 U.S. at 44; see also, *Fieger v. Cox*, 524 F.3d 770, 774 (6th Cir. 2008).  The *Younger* abstention has been extended to civil proceedings in which important state interests are implicated.

*Huffman v. Pursue, Ltd.*, 420 U.S. 92 (1975); *Fieger, id.*

In federal jurisprudence, three requirements have developed for the appropriate application of the *Younger* abstention principle: (1) there must be pending state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Coles v. Granville*, 448 F.3d 853, 865 (6th Cir. 2006). "So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstances that would make abstention inappropriate, the federal courts should abstain." *Middlesex*, 457 U.S. at 435. The judicial proceeding need not be a state court proceeding, but may involve administrative proceedings that are judicial in nature. *New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 370-71 (1989); *Fed. Express Corp. v. Tenn. Pub. Serv. Comm'n*, 925 F.2d 962, 968-69 (6th Cir.1991).

Moreover, the Sixth Circuit has held the *Younger* doctrine applies in cases where Plaintiffs seek monetary damages. See *Carroll v. City of Mount Clemens,* 139 F.3d 1072, 1075 (6th Cir. 1998) (holding, "[plaintiff's] present federal action for damages under 42 U.S.C. §1983 and the Fair Housing Act is a textbook case for *Younger* abstention"); *Schilling v. White,* 58 F.3d 1081, 1084 (6th Cir.1995) ("our Circuit has recognized that the relevant inquiry when considering abstaining under *Younger* is the nature and degree of the state's interest in its judicial proceedings, rather than whether a party is seeking injunctive relief or monetary damages.")

"A district court deciding to abstain under *Younger* has the option of either dismissing the case without prejudice or holding the case in abeyance." *Eidson v. State of Tennessee Dept. of Children's Services*, 510 F.3d 631, 638 (6th Cir. 2007) (quoting *Coles*, 448 F.3d at 866).

Therefore, the Court must examine Plaintiffs' Complaint and apply the three-part test set forth in *Younger* to determine whether abstention is appropriate.

Under the first prong of *Younger*, the Court must consider whether proceedings in state court are pending. The parties do not dispute that Plaintiffs appealed Judge Kimbler's Order to the Ninth District Court of Appeals, Case No. 11CA-0037-M; and the appeal remains pending as of today's date. In *Huffman, supra,* the Supreme Court explained its rationale for applying *Younger* throughout the appellate process:

> Virtually all of the evils at which *Younger* is directed would inhere in federal intervention prior to completion of state appellate proceedings, just as surely as they would if such intervention occurred at or before trial. Intervention at the later stage is if anything more highly duplicative, since an entire trial has already taken place, and it is also a direct aspersion on the capabilities and good faith of state appellate courts.

*Id.* at 608. The Supreme Court went on to say, "[w]e therefore hold that *Younger* standards must be met to justify federal intervention in a state judicial proceeding as to which a losing litigant has not exhausted his state appellate remedies." *Id.* Since the Nimers' appeal is pending, the first *Younger* requirement is satisfied.

The second prong of *Younger* is equally satisfied. "It is well-established that for abstention purposes, the enforcement and application of zoning ordinances and land-use regulations is an important state and local interest." *Cmty. Treatment Centers, Inc. v. City of Westland*, 970 F.Supp. 1197, 1223-24 (E.D.Mich. 1997). In the state proceedings below,

Judge Kimbler upheld the enforcement of the Litchfield Township Zoning Resolution and ordered the Nimers to obtain zoning certificates for the construction of any buildings on the property.  The significant local interest in upholding the Township's zoning and land-use regulations is not disputed.

For the third prong under the *Younger* doctrine, the Court must ascertain Plaintiffs' opportunity to assert their constitutional challenges in the state court proceeding.  The "pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims ..."  *Moore v. Sims*, 442 U.S. 415, 430 (1979).  "A federal plaintiff arguing that he had an inadequate opportunity to raise constitutional claims in state court has the burden to show that state procedural law barred presentation of [its] claims." *Tesmer v. Granholm*, 333 F.3d 683, 690 (6th Cir. 2003) (*en banc*), *rev'd* on other grounds, 543 U.S. 125 (2004).  Abstention is "unwarranted" only when it is clearly shown that state law barred the presentation of the constitutional claims.  *Id*.

In the within matter, Plaintiffs claim, pursuant to 42 U.S.C. § 1983, that Defendants violated their Fifth and Fourteenth Amendment rights by the unconstitutional taking of their property without just compensation; that Defendants violated Plaintiffs' right to equal protection under the law by selectively enforcing the Zoning Resolution; Defendants tortiously interfered with contract; and Defendants violated Plaintiffs' right to procedural due process.

State courts have concurrent jurisdiction over 42 U.S.C. § 1983 suits, like the one brought by Plaintiffs in this action.  *Maine v. Thiboutot*, 448 U.S. 1,3, n.1 (1980).  Moreover, Plaintiffs' Assignments of Error in their Appellate Brief include their assertion that their due

process and equal protection rights were violated. Not only are Plaintiffs' constitutional claims not barred, they have been presented, for the most part, for consideration by the appellate panel. Thus, the third *Younger* requirement is satisfied.

### III. CONCLUSION

For the foregoing reasons, the Court holds that all the requirements for the application of the *Younger* abstention doctrine are met. This abstention decision is not based upon the lack of subject matter jurisdiction, but is drawn from "strong policies counseling against the exercise of such jurisdiction." *Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc.*, 477 U.S. 619, 626 (1986).

Defendants' Motion (ECF DKT #11) for this Court to abstain from proceedings in this case is granted; Plaintiffs' Complaint is dismissed without prejudice; and Plaintiffs' Motion (ECF DKT #17) for Leave to File an Amended Complaint is denied as moot.

**IT IS SO ORDERED.**

**DATE: February 6, 2012**

 **S/Christopher A. Boyko**
 **CHRISTOPHER A. BOYKO**
 **United States District Judge**